Mark E. Ellis - 127159
Daniel C. Taylor - 221570
ELLIS LAW GROUP LLP
1425 River Park Drive, Suite 400
Sacramento, CA 95815
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
dtaylor@ellislawgrp.com

Attorneys for Defendant RASH CURTIS & ASSOCIATES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLENA HERNANDEZ,<br><br>PLAINTIFF,<br><br>v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>DEFENDANT. | Case No.: 2:16-cv-02455-GHW<br><br>**DEFENDANT RASH CURTIS & ASSOCIATES REPLY TO PLAINTIFF'S OPPOSITION TO SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT ITS SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT [FRCP 56(c)]**<br><br>DATE:     October 23, 2017<br>TIME:     8:30 a.m.<br>CRTRM:  9D, 9th Floor<br>HONORABLE GEORGE H. WU |

Defendant RASH CURTIS & ASSOCIATES, hereby submits this separate statement of undisputed facts and evidence in support of its motion for summary judgment or partial summary judgment of each claim in plaintiff MARLENA HERNANDEZ's complaint.

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 1.   Plaintiff filed her Complaint entitled Marlena Hernandez v. Rash Curtis and Associates on October 14, 2016.<br><br>**Evidence**<br><br>**Exh. 1**, Unverified Complaint entitled Marlena Hernandez v. Rash Curtis and | 1.   Undisputed. |

- 1 -

| | | |
|---|---|---|
| 1 | Associates filed on October 14, 2016. | |
| 2 | 2.  Rash Curtis filed its answer on November 28, 2016. | 2.  Undisputed. |
| 3 | | |
| 4 | **Evidence** | |
| 5 | **Exh, 2**, Answer filed on November 28, 2016 by Rash Curtis with affirmative defenses. | |
| 6 | | |
| 7 | 3.  On October 10th, 2015 Marlena Hernandez sought medical treatment at Community Medical Center, Inc. | 3.  Undisputed. |
| 8 | | |
| 9 | **Evidence** | |
| 10 | Declaration of Bob Keith ¶ 6; **Exh. 3,** (Plaintiff's October 10, 2015 patient registration and general medical consent). | |
| 11 | | |
| 12 | 4.  At the time she received medical treatment, Ms. Hernandez completed CMC's patient registration and services contract by which she certified that she read, understood, and accepted the hospital's terms. By the contract's terms, Ms. Hernandez was asked to provide her phone number, and she listed (209) XXX-3894 as her cellphone number.  On the agreement, Ms. Hernandez provided the **best contact telephone number** would be her cell phone and she agreed that it was okay to contact her via **voice message** and **texts**. | 4.  Disputed. Plaintiff disputes Defendant's characterization that Plaintiff "completed CMC's patient registration and services contract . . . ." A review of Defendant's Exhibit 3 shows that Plaintiff completed a (1) "Patient Registration" form (the "Patient Registration Form"); and (2) the "Community Medical Centers, Inc. – General Medical Consent" form (the "General Medical Consent Form"). Neither form is a contract. Plaintiff disputes Defendant's characterization that "By the contract's terms, Ms. Hernandez was asked to provide her phone number, and she listed (209) XXX-3894 as her cellphone number." First, the Patient Registration Form and the General Medical Consent Form are not bilateral contracts. Second, Plaintiff voluntarily listed her telephone number in the portion of the Patient Registration Form entitled "Patient Information"; neither that form, nor the General Medical Consent Form, contained any "terms" requiring Plaintiff to submit specific pieces of contact information. Plaintiff disputes Defendant's characterization that "Ms. Hernandez provided the **best contact telephone number** would be her cell phone and she agreed that it was okay to contact her via **voice message** and **texts**." Plaintiff listed her cellular telephone number on the "Patient |
| | **Evidence** | |
| | Declaration of Bob Keith ¶9; **Exh. 3.** | |

- 2 -

DEFENDANT RASH CURTIS & ASSOCIATES' REPLY TO PLAINTIFF'S OPPOSITION TO ITS SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| | Information" section of the Patient Registration Form as the best contact number regarding "patient information" only. Plaintiff opted to not submit any telephone number in the "financial information" section of the Patient Registration Form, and instead only provided her mailing address.<br>**Evidence**<br>Declaration of Bob Keith ¶9; Def. Exh. 3.; Declaration of Marlena Hernandez ¶¶ 13-17. |

4. Moving Party's Response

The front and reverse sides of Defendant's Patient Registration Form (PRF) constituted a part of a contract with Plaintiff for her to receive medical services. Several documents relating to the same matters, between the same parties, and evidencing the same transaction, are to be read together. Thus, Plaintiff providing the requested information on the PRF, agreeing to the medical consent and other terms found on the reverse side of the PRF and her receipt of medical treatment from CMC altogether constitute the agreement between the parties which is to be interpreted by an objective standard.

Plaintiff's unconvincing argument that the uncommunicated reason for omission of her cell phone number on the Financial Information portion on the PRF meant that she only wanted to be contacted in writing regarding financial matters would require the application of a subjective standard. The argument that the PRF gave an option to not submit a telephone number in the Financial Information Section and only provide a mailing address is merely a further application of a subjective rather than an objective standard by Plaintiff.

**Evidence**

Declaration of Bob Keith ¶¶9 & 10; Def. Exh. 3

| | |
|---|---|
| 5.   Ms. Hernandez also "agree[d] to pay charges that [were] not payable by insurance or third party" and she "agree[d] to abide by the terms and conditions of CMC's Collections Policy.<br><br>**Evidence**<br><br>Declaration of Bob Keith ¶ 10 ; **Exh. 3.** | 5.   Undisputed that the General Medical Consent Form states the entrant "agree[d] to pay charges that [were] not payable by insurance or third party" and that the entrant "agree[d] to abide by the terms and conditions of CMC's Collections Policy."<br>**Evidence**<br>Declaration of Bob Keith ¶9; **Exh. 3.** |

5. Moving Party's Response

It is undisputed the General Medical Consent Form states the Plaintiff "agree[d] to pay charges that [were] not payable by insurance or third party" and that the Plaintiff "agree[d] to abide by the terms and conditions of CMC's Collections Policy." It is also undisputed that the signature of Ms. Marlena Hernandez appears on this form dated October 10, 2015 with acceptance of its

- 3 -

DEFENDANT RASH CURTIS & ASSOCIATES' REPLY TO PLAINTIFF'S OPPOSITION TO ITS SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

terms.

**Evidence**

Declaration of Bob Keith ¶ ¶ 6, 8, 10 ; **Exh. 3.**

| | |
|---|---|
| 6.    On April 22, 2016, Ms. Hernandez's overdue medical account was referred by CMC to Rash Curtis for collection; CMC also sent **Exh. 3** to Rash Curtis at that time.<br><br>**Evidence**<br><br>Declaration of Bob Keith ¶ 11 . | 6.   Undisputed. |
| 7.    Rash Curtis began calling Ms. Hernandez's cell phone number ending in 3894 on April 22, 2016. As of May 12, 2016, Rash Curtis had placed 19 calls to Ms. Hernandez's number ending in "3894". None of these calls was successful because Ms. Hernandez did not answer.<br><br>**Evidence**<br><br>Declaration of Bob Keith ¶ 12; **Exh. 4**. | 7.   Undisputed that Defendant began calling Plaintiff's cell phone number ending in 3894 on April 22, 2016.  Disputed that "[n]one of these calls were successful because Ms. Hernandez did not answer." Both Defendant's Collection Notes, and Plaintiff's own notes (which she attached to her May 13, 2016 Letter), state that she answered Defendant's calls.1 Plaintiff additionally disputes Defendant's characterization that phone calls are not "successful" if the recipient does not answer said phone call; in those instances where Plaintiff did not answer Defendant's calls, those calls nonetheless "successfully" caused Plaintiff's phone to ring and/or resulted in Defendant leaving a message on Plaintiff's voicemail.<br>**Evidence**<br>Declaration of Bob Keith ¶ 12; Def. Exh. 6; Declaration of Marlena Hernandez ¶ 11. |

7. Moving Party's Response

It is immaterial that Plaintiff has claimed that she answered some of the 19 calls made to her cell phone. If Plaintiff had answered a call, there was no communication between the Plaintiff and the caller. The circumstances where Defendant left a message on Plaintiff's voicemail there was, again, no conversation between the Plaintiff and the caller. It is undisputed that as of May 12, 2016, not one of the 19 attempts to communicate with Plaintiff via her cell phone resulted in the parties speaking with each other. Therefore, it is accurate that none of the 19 calls were successful. Moreover, Defendant had prior express consent to make the calls to Plaintiff's cell phone which provides a complete defense to Plaintiff's complaint.

- 4 -

DEFENDANT RASH CURTIS & ASSOCIATES' REPLY TO PLAINTIFF'S OPPOSITION TO ITS SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

**Evidence**

Declaration of Bob Keith ¶ 12; Exh. 4.

| | |
|---|---|
| 8. On May 16, 2016, Rash Curtis received a letter from Ms. Hernandez via certified mail dated May 13, 2016. The letter stated: "Please be advised that I am writing to you in an attempt to resolve a I have against your company for TCPA violations. In particularly regarding **47 U.S.C. § 227(b)(1)(iii)**, in which it is unlawful for anyone in the United States to make any call using an automatic telephone dialing system to any cellular telephone. I have received numerous ATDS calls to my cellular phone, of which I have documented and recorded nineteen of them, please see the enclosed attachment. The penalty for this is $500 per call and/or three times the amount if a court determines that this was done willfully or knowingly. I don't think a collection agency making ATDS calls would do so knowingly. Nevertheless, I am prepared to file suit against your company for these violations. As you will see in the attachment, that not only have you violated TCPA laws but also FDCPA harassment laws being as you have been calling my phone more than once a day and not more than a few hours apart and according to **15 USC 1692d] § 806(5)** repeated calls is a violation of the FDCPA. I'm sure that your company is aware that an FDCPA violation penalty is $1,000. I have been advised that in order to file a suit in California I must try to resolve my clam with you first and give you a chance to voluntarily resolve the matter. I wish to resolve my claim with you, out of court for $9,500, which is the penalty for making nineteen unlawful calls to my cellular phone. At this time, I am not seeking to add any FDCPA violations or to determine whether you willfully or knowingly made these ATDS calls to my cell phone. I am | 8. Undisputed. |

- 5 -

DEFENDANT RASH CURTIS & ASSOCIATES' REPLY TO PLAINTIFF'S OPPOSITION TO ITS SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| also, not considering any possible class action lawsuits that may arise if I should consult an attorney that specializes in this field, although I have been contacted by a few. I am merely making a demand to you out of court which is required in order to pursue my claim in court.<br><br>Please respond to me with in five days of receiving this notice advising me if you will be voluntarily settling this claim. I have already started the necessary documents to file suit, in a California court. If you wish to resolve my claim out of court, please send me a check in the amount of $9,500, made payable to Marlena Hernandez and mailed to my address of 2421 Country Club Blvd. Apt. 2, Stockton, CA 95204. By resolving this claim with you I agree to settle any and all claims, I have or may have with your company regarding any TCPA, FDCPA or class action law suits.<br><br>If I don't hear from your company in the allotted time or receive the penalty amounts requested for these violations, I will file suit for the TCPA violations and possible FDCPA violations and possible FDCPA violations, which may be $1,000.00 per violation. I have also documented nineteen calls to date, from your office but I have received more than the nineteen calls that I have documented and recorded. In an effort value my time, I will make any and call attempts to purse any and all claims available to me to the max amounts.<br><br>If you wish to contact me you can email me at Marlena.hernandez28@gmail.com."<br><br>**Evidence**<br><br>Declaration of Bob Keith ¶ 13; **Exh. 5.** | |
| 9.   The May 13, 2016 letter does not: (1) state that Ms. Hernandez is refusing to pay | 9.   Disputed.<br>First, Plaintiff disputes Defendant's |

| | |
|---|---|
| the debt; or (2) demand that Rash Curtis stop communicating with her; or (3) expressly revoke consent to be called at 3894.<br><br>**Evidence**<br><br>Declaration of Bob Keith ¶ 14; **Exh. 5.** | characterization that the May 13, 2016 Letter "does not . . . expressly revoke consent to be called at 3894," because it incorrectly assumed that, prior to receiving the May 13, 2016 Letter, Defendant had prior express consent from Plaintiff.<br>Second, through the May 13, 2016 Letter, Plaintiff conveyed to Defendant that she did not want Defendant to place any additional calls to her cellular telephone without prior express consent. The May 13, 2016 Letter complained about Defendant's TCPA violations which, the letter set forth, made it "unlawful for anyone in the United States to make any call using an automatic telephone dialing system to any cellular telephone." The letter stated that Plaintiff had "received numerous ATDS calls to [her] cellular phone" from the Defendant and noted that she had "documented nineteen calls to date, from your office." The letter additionally complained that Defendant's calls entailed "FDCPA harassment laws [because Defendant] . . . ha[d] been calling my phone more than once a day and not more than a few hours apart." The letter complained about Defendant's "nineteen unlawful calls to my cellular phone" and threatened to sue Defendant for the harassing calls.<br>**Evidence**<br>Def. **Exh. 5.** |

9. Moving Party's Response

It is undisputed that the May 13, 2016, letter does not state that Plaintiff is refusing to pay the debt. However, Plaintiff gave her consent to be called on her cell phone when she gave Community Medical Center her cell phone number. Rash Curtis, acting as Community Medical Center's agent, also had valid consent to call Hernandez regarding the transaction in which she provided her cell phone number. The May 13, 2016 letter has no demand by Plaintiff that Rash Curtis stop communicating with her. In fact, the letter invites further communications with her and provides an e-mail address as an additional way of contacting her. This letter does not expressly revoke any consent to be called at 3894. It merely contains accusations of violation of the TCPA laws and FDCPA harassment laws and monetary demands because of calls which had been made by Defendant.

**Evidence**

Declaration of Bob Keith ¶¶ 13, 14, 15, 16 & 17; **Exh. 5.**

- 7 -

DEFENDANT RASH CURTIS & ASSOCIATES' REPLY TO PLAINTIFF'S OPPOSITION TO ITS SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| 10.   The May 13, 2016 letter by Ms. Hernandez ***requests a response*** from Rash Curtis to continue to communicate when she writes:  "***Please respond*** to me with in five days of receiving this notice . . ."<br><br>**Evidence**<br><br>Declaration of Bob Keith ¶ 15; **Exh. 5.** | 10. Disputed.<br>Defendant's characterization that Plaintiff broadly requested communications from Defendant is inaccurate and based on out-of-context quotations. Through the May 13, 2016 Letter, Plaintiff notified Defendant that it could contact her, via email, for a single purpose: discussing a voluntary settlement of her TCPA and FDCPA claims. The letter states "Please respond to me with in [sic] five days of receiving this notice advising me if you will be voluntarily settling this claim." The letter further notes "If I don't hear from your company in the allotted time or receive the penalty amounts requested for these violations, I will file suit for the TCPA violations and possible FDCPA violations. . . ." It concludes by providing her email address and stating "If you wish to contact me you can email me . . . ."<br>**Evidence**<br>Def. **Exh. 5.** |

10. Moving Party's Response

It is undisputed that Plaintiff's May 13, 2016 letter stated: "If you wish to contact me you can email me . . .." There was no indication that Defendant could only contact her for a single purpose: discussing a voluntary settlement of her TCPA and FDCPA claims; however, any dispute of the parties' interpretation has no merit since Defendant only called Plaintiff at her number ending in 3894.

**Evidence**

Declaration of Bob Keith ¶ 18; **Exh. 4.**

| | |
|---|---|
| 11.   Ms. Hernandez's May 13, 2016 letter states: "***If you wish to contact me*** you ***can*** email me at, [sic] marlena.henadez28@gmail.com."<br><br>**Evidence**<br><br>Declaration of Bob Keith ¶16; **Exh. 5** | 11. Undisputed aside from added emphasis.<br>**Evidence**<br>Def. **Exh. 5.** |

- 8 -

DEFENDANT RASH CURTIS & ASSOCIATES' REPLY TO PLAINTIFF'S OPPOSITION TO ITS SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| 12.   Ms. Hernandez's letter **_not_** state that Rash Curtis **_must only_** communicate with her through **_email_**.<br><br>**Evidence**<br><br>Declaration of Bob Keith ¶ 17; **Exh. 5.** | 12. Disputed.<br>The May 13, 2016 Letter explicitly complains about Defendant's telephone calls, advises Defendant that it violated numerous federal consumer protection statutes by placing calls to her, and concludes by stating, with respect to settlement discussions, "If you wish to contact me you can email me . . . ." Read together, the letter unequivocally provides email as the sole means of Defendant can use to contact her, and that such contact could only be for settlement discussions.<br>**Evidence**<br>Def. **Exh. 5.** |

12. Moving Party's Response

Plaintiff's May 13, 2016 letter plainly stated: "If you wish to contact me you can email me . . . ." There was no indication in the letter that email was the sole manner that Defendant would be willing to communicate.  More importantly, the letter requests a response from Rash Curtis within five days of its receipt and there is nothing stated which revokes the prior express consent to call Plaintiff at her cell phone number.

 **Evidence**

Declaration of Bob Keith ¶ ¶ 15, 16, & 17; **Exh. 5.**

| | |
|---|---|
| 13.   Rash Curtis placed 16 calls between May 16, 2016 and June 6, 2016 to Ms. Hernandez's number ending in "3894". Not one of the calls was successful because she did not answer the call.<br><br>**Evidence**<br><br>Declaration of Bob Keith ¶ 18; **Exh. 6**. | 13. Disputed.<br>Disputed that "[n]ot one of the calls was successful because she did not answer the call." Defendant's Collection Notes' description for a call on May 23, 2016 states "PHONE ANSWERED NO LINKBACK." Plaintiff additionally disputes Defendant's characterization that phone calls are not "successful" if the recipient does not answer said phone call; in those instances where Plaintiff did not answer Defendant's calls, those calls nonetheless "successfully" caused Plaintiff's phone to ring and/or resulted in Defendant leaving a message on Plaintiff's voicemail.<br>**Evidence**<br>Declaration of Bob Keith ¶ 18; Def. Exh. 6; Declaration of Marlena Hernandez ¶ 11. |

13. Moving Party's Response

It is immaterial that Plaintiff disputes Defendant's characterization that the 16 calls as not successful. Plaintiff may provide evidence in the form of collection notes that the phone was

actually answered; however, the notes also provide that no conversation occurred between the parties. Thus, there can be differing interpretations as to the success of a telephone call. Nevertheless, with prior express approval Plaintiff disputing this fact has no merit.

**Evidence**

Declaration of Bob Keith ¶ 12; Exh. 4.

| | |
|---|---|
| 14. On June 3, 2016, Ms. Hernandez sent Rash Curtis a second letter, which was received June 6, 2016.<br><br>**Evidence**<br><br>Declaration of Bob Keith ¶ 19; **Exh. 7.** | 14. Undisputed. |
| 15. In the June 3, 2016 letter, Ms. Hernandez writes that Rash Curtis has been making unlawful calls to her without her consent.<br><br>**Evidence**<br><br>Declaration of Bob Keith ¶ 20; **Exh. 7.** | 15. Undisputed. |
| 16. Ms. Hernandez further states in the June 3, 2016 letter: "[I] directed you to **_only_** contact me by email…You do not have my consent, **_nor have you ever had my consent_**, to contact my cellphone."<br><br>**Evidence**<br><br>Declaration of Bob Keith ¶ 21; **Exh. 7.** | 16. Undisputed aside from added emphasis.<br>**Evidence**<br>Def. Exh. 7. |
| 17. The June 3, 2016 letter concludes: "**_if you wish to communicate with me_**, you may **_only_** do so by email at Marlena.hernandez28@gmail.com."<br><br>**Evidence**<br><br>Declaration of Bob Keith ¶ 22; **Exh. 7.** | 17. Undisputed aside from added emphasis.<br>**Evidence**<br>Def. Exh. 7. |
| 18. The June 3, 2016 letter does not state that Ms. Hernandez refuses to pay the debt; it doesn't state she wishes Rash Curtis to cease all further communications with her. It instead attempts to limit the method of communication to her by email. | 18. Undisputed. |

- 10 -

DEFENDANT RASH CURTIS & ASSOCIATES' REPLY TO PLAINTIFF'S OPPOSITION TO ITS SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| **Evidence**<br><br>Declaration of Bob Keith ¶ 23; **Exh. 7.** | |
| 19. After receiving the June 3, 2016 letter, Rash Curtis placed 7 additional calls to Ms. Hernandez's cell phone, in an attempt to respond to her invite to common<br><br>**Evidence**<br><br>Declaration of Bob Keith ¶ 24; **Exh. 6.** | 19. Disputed.<br>Disputed that Defendant's calls to Plaintiff were "in any attempt to respond to here invite to common [sic]." First, Plaintiff's June 3, 2016 Letter explicitly advised Defendant that it "d[id] not have [Plaintiff's] consent nor ha[d] it ever had [Plaintiff's] consent to contact [Plaintiff's] cell phone. So once again, if you wish to communicate with m, you may only do so by email . . . ." Plaintiff did not invite Defendant to place subsequent calls to her cellular telephone, and no reasonable reading of the above sentences states otherwise.<br>Second, Plaintiff's May 13, 2016 Letter notified Defendant that it could communicate with her, via email, for a single purpose: discussing a voluntary settlement of her TCPA and FDCPA claims. Thus, not only did Plaintiff not ask Defendant to communicate with her via telephone calls, she did not invite Defendant to communicate with her for any purpose other than to discuss settlement of her TCPA and FDCPA claims.<br>**Evidence**<br>Declaration of Bob Keith ¶ 24; Def. Exh. 5 and 7. |
| 19. Moving Party's Response<br><br>Plaintiff's May 13, 2016 letter does not revoke express consent to be contacted on her cellphone at all. If Plaintiff's June 3, 2016 revokes express consent, it does so only ambiguously.  Any interpretation that she "impliedly" revoked consent is insufficient; however, revocation is not possible because Ms. Hernandez gave her express consent to be called at her cell phone number as part of her contract with CMC for medical services.<br><br>**Evidence**<br><br>Declaration of Bob Keith ¶ ¶ 19, 20, 21, 22, 23, 24 & 25; **Exh. 5 & 7.** | |
| 20. Plaintiff Hernandez has never expressly revoked consent to be called at 3894.<br><br>**Evidence**<br><br>Declaration of Bob Keith ¶ 25. | 20. Disputed.<br>Disputed in that it falsely suggests that Defendant ever had Plaintiff's prior express consent in the first place. Additionally disputed because Plaintiff's May 13, 2016 and June 3, 2016 Letters each revoked any consent Defendant may have had. |

- 11 -

DEFENDANT RASH CURTIS & ASSOCIATES' REPLY TO PLAINTIFF'S OPPOSITION TO ITS SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| | **Evidence**<br>Def. Exh. 3, 5 and 7. |
| 20. Moving Party's Response<br><br>By providing her cell phone number to Community Medical Center, Plaintiff gave her express consent to being called by CMC, as well as its agent, Rash Curtis. As Community Medical Center's agent, Rash Curtis also had valid prior express consent to call Plaintiff regarding any aspect of the transaction to which she provided her cell phone number.<br><br>Plaintiff's May 13, 2016 letter contains no language which revokes prior express consent. Plaintiff's June 6, 2016 letter may be an ambiguous attempt at revocation but falls short expressly revoking consent. Furthermore, the parties contract prohibits Plaintiff from unilaterally voiding consent.<br><br>**Evidence**<br><br>Declaration of Bob Keith ¶¶ 13, 14, 15, 16, 17, 19, 21, 22, 23, 24 & 25; **Exh. 5 & 7.** | |

Dated: October 10, 2017

ELLIS LAW GROUP LLP

By  /s/ Mark E. Ellis
    Mark E. Ellis
    Attorney for Defendant
    RASH CURTIS & ASSOCIATES

- 12 -

DEFENDANT RASH CURTIS & ASSOCIATES' REPLY TO PLAINTIFF'S OPPOSITION TO ITS SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT